Argued September 10, reversed and remanded with
directions December 16, 1970

# GOVERNMENT EMPLOYEES INSURANCE COMPANY, *Appellant, v.* HERRING ET AL, *Respondents.*

477 P2d 903

*Ridgway K. Foley, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

*Robert H. Grant,* Medford, argued the cause for respondent Shasky. On the brief were Kelly & Grant, Medford.

*Robert A. Boyer,* Medford, argued the cause but filed no brief for respondent Herring.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, HOLMAN, HOWELL and MENGLER, Justices.

HOLMAN, J.

Plaintiff, an insurance company, brought a declaratory judgment proceeding to determine whether it was required by its liability policy to defend its insured, the defendant Herring, in an action brought against him by the other defendant, Shasky. Plaintiff contended it was relieved from its obligation to defend Herring because he had failed to give it notice of the accident with Shasky "as soon as practicable" as required by the policy. Both defendants filed substantially identical answers, which denied failure to give notice and pleaded two affirmative defenses. The first affirmative defense alleged that failure to give notice, if such failure existed, was excused because of ignorance and mistake regarding the nature of the accident, and the nature, seriousness and extent of damages. The second alleged failure to give notice because of inadvertence and excusable neglect.

The parties thought that the second affirmative defense was in equity and that defense was tried first,

without objection, by the court without a jury. It resulted in the court's signing and entering a memorandum opinion which held:

"* * * It is necessary for the Court to determine whether the facts would lead an ordinarily, prudent and reasonable man to believe that the occurrence mentioned would become the basis of a claim for damages. The Court is of the opinion that it would and, therefore, finds against the defendants on their equitable defenses.

"Counsel for plaintiff may prepare appropriate findings, conclusions and order."

No other findings, conclusions, or order were ever filed. However, we deem the court's memorandum opinion to constitute a sufficient finding and order to finally dispose of the second affirmative defense.

After the second affirmative defense was tried as an equitable matter, the balance of the case was tried before a jury. The verdict which was submitted to the jury was composed of two interrogatories. The first was:

"Did the defendant, William O. Herring, give notice to plaintiff of the collision between his vehicle and defendant, Florian J. Shasky's bicycle as soon as was practicable in accordance with the requirements of his policy?"

This question was answered in the negative. The second interrogatory was:

"Was the failure of defendant, William O. Herring, to give notice to plaintiff as soon as was practicable excused under the Court's instructions and the facts and circumstances involved in this case?"

The jury's answer to this was in the affirmative. Pursuant thereto, a judgment was entered declaring that plaintiff was obligated to defend the defendant

Herring and to pay in accordance with its policy any judgment rendered against Herring as the result of the defendant Shasky's case against him. The plaintiff appealed.

The accident occurred when the defendant Herring, preparatory to leaving his vehicle which was parked at the curb, opened his door just as the defendant Shasky came by on his bicycle. Shasky collided with the door and was thrown to the pavement. He suffered a broken hip. Herring was aware of Shasky's injury because he read an item in the newspaper relating thereto about three days after the accident.

■ Plaintiff contends that the trial court erred in denying its motion to take consideration of defendant's first affirmative defense from the jury. Its motion was in part as follows:

"We also make this motion upon the further ground that this identical defense, entitled an equitable defense, has previously been tried by the Court as an equitable matter and the Court has entered its order denying that ground as an equitable defense. The evidence presented in support of what has been considered the legal defense on the same basis was identical with the evidence previously submitted in the proceeding as an equitable defense, and we believe the Court's ruling heretofore made on that matter is the law of the case and is res judicata in the matter so far as the question is concerned. Permitting the matter now to be submitted to the jury would in effect permit them to reach a result different on the same facts that the Court has already ruled on."

The trial court, in denying the motion, stated as follows:

"* * * The evidence presented in support of the equitable defense was different than the evi-

dence presented on the legal defense. Jack Crawford testified in support of it or at least as a witness in connection with the allegations or the issues raised by the legal defense, and a Court of Equity sitting and deciding issues decides them on the different basis and for different reasons than a jury in a law case * * *."

The evidence of the witness Crawford did not in any way change the issues involved in the affirmative defenses. In the trial of the second affirmative defense by the court, the defendant Herring justified his failure to give notice as follows:

"A. Mainly because I didn't think it was my fault in the accident and I didn't think that my insurance company was involved in it. Being a parked vehicle that was run into, I regarded it the same as if somebody had run into a tree or something, a fixed object, I didn't realize that my insurance was involved at all."

In the second trial, he justified his failure to give notice in the following manner:

"A. I had never thought that I was involved in an accident. I was a witness to an accident. "* * * * *.

"A. No, I never thought much about it because that had always been my impression before that anyway, that this was a type of accident where my insurance was not involved."

We are unable to satisfactorily distinguish between the issues tendered by the two affirmative defenses. A defense of ignorance and mistake was submitted to the jury. A "mistake" is defined as an omission arising from ignorance.[1] On the other hand, the court had already held against the defend-

---

[1] Webster's Third New International Dictionary Unabridged 1446 (1963).

ants on the defenses of inadvertence and excusable neglect. "Inadvertence" is defined as lack of heedfulness; oversight or mistake.[8] "Excusable neglect" is defined as failure to take proper steps at the proper time, not in consequence of carelessness, but as the result of some unavoidable hindrance or accident, or reliance on someone else.[9] Presumably, the unavoidable hindrance was Herring's claimed ignorance of the fact that an accident had occurred which was covered by the policy. At least that was the thrust of the evidence and the contention made at the trial of both defenses. The evidence offered by the defendants to substantiate their position was substantially identical in both instances.

While tenuous differences in meaning may be pointed out, nevertheless, we believe the contentions were substantially the same. All excuses for not giving notice which were presented to the jury had already been presented to the trial court in the so-called "equitable" defense.

It can be argued that the trial judge must have thought that he had not previously decided the issues submitted to the jury; otherwise, he would not have subsequently submitted the first affirmative defense to it. His stated reason for doing so, however, was that equity decides things on a different basis than does a jury. That a jury may decide things on a different basis than a court of equity decides them, if true, is not a legitimate reason for retrying similar contentions. All the reasons that the defendant Herring had for not giving plaintiff notice and the evidence to substantiate them were submitted to

[8] Id at 1139-140.
[9] Black's Law Dictionary 675 (4th ed 1957).

the court in the first instance under the allegations of inadvertence and excusable neglect. There is no basis for resubmitting the same reasons to a jury under the allegations of ignorance and mistake.

■ Defendants contend plaintiff did not plead the prior adjudication and, therefore, cannot take advantage of it. We believe such a pleading is unnecessary when the ruling of the court which is relied upon for finality is made in the identical case of which it is claimed disposition was made.

The judgment of the trial court is reversed and the case is remanded with directions to enter a judgment in accordance with the prayer of plaintiff's complaint.