No. 25789

Farmers Insurance Group, a corporation v. The District Court of the Second Judicial District, City and County of Denver, and The Honorable James C. Flanigan, one of the Judges of Said Court

(507 P.2d 865)

Decided March 12, 1973.          Rehearing denied April 2, 1973.

Wolvington, Dosh, DeMoulin, Anderson and Campbell, Byron G. Rogers, Jr., for petitioner.

Litvak, Schwartz & Karsh, P.C., Lawrence Litvak, for respondents.

MR. JUSTICE HODGES delivered the opinion of the Court.

In this original proceeding, we issued a rule to show cause why a motion to dismiss a deceased defendant as a party in a tort claim action was not granted, and why the respondent court, on the other hand, granted the plaintiffs' motion to substitute the deceased defendant's administratrix as a party defendant. The motion to dismiss as to the deceased defendant was grounded on the plaintiffs' failure to move for substitution of parties within 90 days of the service of notification of death upon the plaintiffs' attorneys. C.R.C.P. 25(a)(1) requires that: "If the motion for substitution is not made within 90 days after such service, the action shall be dismissed as to the deceased party." We make the rule absolute.

The respondent court under the facts of this case should have granted the motion for dismissal which would have thereupon automatically rendered the plaintiffs' motion for substitution out of order.

Civil Action No. C–18322 in the respondent court is for personal injuries resulting from an automobile accident. The plaintiffs are Judith A. and Lester J. Lambert. John A. Shank and two corporations are the named defendants. Defendant Shank died on December 26, 1971 and notification of his death was filed in the respondent court. A copy of the notification was mailed on February 29, 1972 to the plaintiffs' attorneys and to the attorneys for the other defendants. The notification and certificate of mailing was filed by the petitioner's attorneys acting on behalf of the deceased who was represented by these attorneys in this action after it was commenced. At the time of the accident, the petitioner was the liability insurance carrier for Shank.

In October 1972, the motion to dismiss the case as to John A. Shank was filed in the respondent court. At about the same time, the plaintiffs filed their motion for an extension of time within which to file a motion for substitution of parties. This motion stated that the failure to file a timely

motion for substitution was the result of excusable neglect by plaintiffs' counsel in that the "Notification of Fact of Death was placed in the file of the above case and thereafter overlooked."

Also, at this time, plaintiffs filed a motion for substitution of parties. This motion stated that the plaintiffs' claim is not extinguished by the death of defendant Shank and that Beulah L. Shank, administratrix of the estate of John A. Shank, deceased, should be substituted as a defendant in his place.

The motion to dismiss, the motion for extension, and the motion for substitution came on for hearing before the respondent court on November 6, 1972. The respondent court found that the motion for substitution had not been filed within the 90 days prescribed by C.R.C.P. 25(a)(1), but that this failure was due to excusable neglect on the part of the plaintiffs' attorneys. The court thereupon commented that this rule should be liberally construed in this case and thereupon granted the plaintiffs' motion for extension and for substitution, and then denied the motion to dismiss the action as to defendant Shank.

■ C.R.C.P. 6(b)(2) allows consideration of a motion made after the expiration of a specified period where the failure to act was a result of excusable neglect.

■ In our view, the sole issue here is whether the failure to file a motion for substitution within the required 90 days under the facts here is the result of excusable neglect. The burden was clearly on the plaintiffs to show that the failure to comply with C.R.C.P. 25(a)(1) was due to excusable neglect. No fact situation or evidence was presented to the respondent court which would even approximate a showing of excusable neglect. The plaintiffs' motion for extension states simply that the notification of defendant Shank's death was received; that it was placed in the attorney's file in the case; and that it was "thereafter overlooked." During the hearing before the respondent court, the plaintiffs' attorney indicated to the court the additional fact that until the motion to dismiss was received, no inquiry or investigation

was made to determine the identity of a representative of the deceased who could be substituted as a party defendant.

Excusable neglect involves a situation where the failure to act results from circumstances which would cause a reasonably careful person to neglect a duty. It is impossible to describe the myriad situations showing excusable neglect, but in general, most situations involve unforeseen occurrences such as personal tragedy, illness, family death, destruction of files, and other similar situations which would cause a reasonably prudent person to overlook a required deadline date in the performance of some responsibility. Failure to act due to carelessness and negligence is not excusable neglect. *Doyle v. Rice Ranch Oil Co.,* 28 Cal. App. 2d 18, 81 P.2d 980. On the other hand, "excusable neglect" occurs when there has been a failure to take proper steps at the proper time, not in consequence of carelessness, but as the result of some unavoidable hindrance or accident. *Government Emp. Ins. Co. v. Herring,* 257 Ore. 201, 477 P.2d 903.

On behalf of the respondent, it is argued that the notification or suggestion of death as filed was not proper in that it did not specify the identity of the representative who should be substituted in place of the defendant Shank. Also, it was argued that upon the death of defendant Shank, the attorneys who represented him in the personal injury case no longer represented him for any purpose and was not a proper party to make the notification of death. Therefore, it is argued that the notification of death filed here was ineffective to trigger the 90-day period provided by the rule. The authority for the validity of these arguments is *Rende v. Kay,* 415 F.2d 983 (D.C. Cir. 1969). The facts of that case are remarkably similar to the facts of this case, with one important exception. In *Rende,* the plaintiff's attorney was injured shortly over a month after the suggestion of death was filed, and he did not return to his practice until after the expiration of the 90 days as provided in Rule 25(a)(1) of the Federal Rules of Civil Procedure, which rule is substantially identical to our C.R.C.P. 25(a)(1).

In *Rende,* however, there is no discussion of the excusable neglect which appears to be present in that case. Rather, the premise for not enforcing the 90-day rule, was the conclusion that the attorney who had represented the deceased defendant prior to death had no standing to file the notification of death which was also defective because it did not identify the representative who should be substituted in the place of the deceased defendant. We decline to be persuaded by the rationale of *Rende.* In our view, an attorney for a deceased defendant has a duty to notify the court and the other parties in the action that his client has died; and further, we see nothing in our rules which could reasonably be a basis for requiring that notification of death of a defendant should include the identity of the deceased defendant's executor, administrator, or representative. It seems quite basic and reasonable that a plaintiff's attorney who receives notification of the defendant's death has the responsibility to promptly initiate the necessary inquiries to determine the identity of a person to be substituted for the deceased defendant, and to file a motion for substitution in accordance with our Rules of Civil Procedure.

We therefore remand this cause to the respondent court with directions to grant the motion for dismissal as to defendant Shank.

The rule is made absolute.

MR. JUSTICE GROVES concurs in result only.

MR. JUSTICE KELLEY does not participate.