**MERRILL CHADWICK COMPANY, a Colorado corporation, Plaintiff-Appellee,**

v.

**OCTOBER OIL COMPANY, f/k/a Jeremiah Corporation, a Colorado corporation, Defendant-Appellant,**

and

**Starwest Productions, an unincorporated association, Jim Hurrell, a principal of Starwest Oil Productions, and James Stansfield, individually, Defendants.**

No. 84CA0982.

Colorado Court of Appeals, Div. III.

Feb. 13, 1986.

Katch, Anderson & Wasserman, Christine J. Jobin, Denver, for plaintiff-appellee.

Gary S. Cohen, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, October Oil Company (October), appeals from the trial court's denial of its motion to vacate a default judgment in favor of plaintiff, Merrill Chadwick Company (Merrill), and from the court's award of attorney fees against October for filing a frivolous and groundless motion. October

contends that the trial court erred in holding that it had *in personam* jurisdiction over October. Alternatively, October contends that the trial court erred in refusing to vacate the default judgment because October showed sufficient facts to support a finding of mistake, inadvertence, and excusable neglect under C.R.C.P. 60(b). We affirm the trial court's order refusing to vacate the default judgment but reverse the award of attorney fees.

On January 8, 1984, Merrill commenced a contract action against October for the cost of a printing job which had been performed on behalf of October, at the request of October's agent, Starwest Productions. O. Wesley Box was the president, chief executive officer, and registered agent for October, and on January 11, 1984, at October's offices, Anita Meadows, Box's secretary, represented that she had authority to accept and did accept service of the summons and complaint on behalf of October.

October did not file an answer. However, the record shows that Box telephoned Merrill's attorney on February 8, 1984, acknowledged that he had full knowledge of the summons and complaint, admitted that October was indebted to Merrill as the complaint alleged, and discussed possibilities for payment.

On May 11, 1984, after notice to October, Merrill filed its motion for entry of default and default judgment. The motion was granted and judgment entered against October.

On June 4, 1984, October sought to vacate the default judgment, asserting that the trial court lacked *in personam* jurisdiction because of lack of valid service of process and, alternatively, alleging that its excusable neglect prevented it from timely responding to the complaint. Thereafter, the trial court denied October's motion and its later motion for reconsideration, deemed the motion to vacate the default judgment to be frivolous and groundless, and entered an award for attorney fees against October.

## I.

■ October first contends that the trial court erred in holding that delivery of the summons and complaint to Anita Meadows constituted service of process upon O. Wesley Box, October's registered agent, sufficient to confer *in personam* jurisdiction over October. We disagree.

Service upon a corporation's registered agent is service upon the corporation. Section 7–3–110(1)(b), C.R.S. A corporation may designate an individual as its registered agent. Section 7–3–110(1)(b), C.R.S. (1985 Cum.Supp.). Service upon an individual may be accomplished "by leaving a copy ... [of the summons and complaint] at his usual place of business, with his stenographer...." C.R.C.P. 4(e)(1).

It is undisputed that, at all times material to this matter: (1) O. Wesley Box was the registered agent for October; (2) Box is a natural person over the age of eighteen years; (3) Anita Meadows was Box's personal secretary; and (4) service occurred at the usual place of business of Box and October.

Consequently, since the individual registered agent was properly served, in accordance with C.R.C.P. 4(e)(1), the corporation was properly served, and the trial court had *in personam* jurisdiction. Section 7–3–112(4), C.R.S.

## II.

■ October next contends that the trial court erred when it refused to vacate the default judgment under C.R.C.P. 60(b)(1), finding that no excusable neglect had occurred. We disagree.

C.R.C.P. 60(b)(1) allows a court to relieve a party from a final judgment if there has been mistake, inadvertence, or excusable neglect. Excusable neglect is present if there has been a failure to take the proper steps within the proper time, not in consequence of carelessness but as the result of some unavoidable hindrance or accident. *Farmers Insurance Group v. District Court,* 181 Colo. 85, 507 P.2d 865 (1973). Setting aside a default judgment is within

the sound discretion of the trial court. *Craig v. Rider*, 651 P.2d 397 (Colo.1982).

October produced no evidence which could indicate that its failure to respond timely to the complaint resulted from some unavoidable hindrance or accident. Indeed, October's only evidence in support of its allegation of excusable neglect was contained in an affidavit of O. Wesley Box, in which he stated that Starwest was without authority to enter into a contract with Merrill. Thus, we conclude that the trial court did not abuse its discretion in denying October's C.R.C.P. 60(b)(1) motion.

### III.

October's final contention is that the trial court erred in awarding attorney fees based on its finding that October's motion to vacate default judgment and for relief under C.R.C.P. 60(b) was frivolous and groundless.

Under the terms of the statute applicable here, a trial court has discretion to award attorney fees in any civil action if, upon its findings, it concludes the filing or continuation of an action is "frivolous or groundless." Colo.Sess. Laws 1977, ch. 189, § 13–17–101(3) at 796. A claim is "frivolous" if no rational argument based on the evidence or law is presented; a claim is "groundless" if it is not supported by any credible evidence. *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984).

We conclude that the trial court erred in determining that October's assertions concerning the issue of *in personam* jurisdiction were frivolous and groundless because the record shows that October made a rational argument based on both credible evidence and on the law. However, we agree with the trial court that October's assertions concerning excusable neglect are both frivolous and groundless since it made no rational argument based on any credible evidence or on the law.

That portion of the order denying the motion to vacate the default judgment is affirmed. That portion of the order awarding attorney fees is reversed, and the cause is remanded to the trial court to ascertain the amount of attorney fees incurred by Merrill in defense of October's claim of excusable neglect, for both the trial court and appellate proceedings, and for entry of an appropriate order. *See Alessi v. Hogue*, 689 P.2d 649 (Colo.App.1984).

STERNBERG and TURSI, JJ., concur.