This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      **No. A-1-CA-35532**

**JESSE CHAVEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

{1} Defendant Jesse Chavez appeals from the district court's order revoking his probation and sentencing him to serve the remainder of his probationary term in the department of corrections. He claims that his right to confrontation under the due process clause of the Fourteenth Amendment was violated when the district court permitted his probation officer to testify regarding the results of his urinalysis (UA) drug test. In response, the State contends that the district court did not err in revoking Defendant's probation because he failed to timely report to the probation office and he tested positive for morphine. In his reply brief, Defendant maintains that he was denied his right to confrontation, and he asserts that the district court's written order revoking his probation was based solely on the drug violation. After duly considering the arguments, we affirm.

**BACKGROUND**

{2} Defendant pleaded no contest to one count of voluntary manslaughter with a firearm enhancement, pursuant to NMSA 1978, Section 30-2-3 (1994), and a serious violent offense, pursuant to NMSA 1978, Section 33-2-34 (2006, amended 2015), and one count of possession of methamphetamine with intent to distribute, pursuant to NMSA 1978, Section 30-31-20 (2006). Defendant further admitted to having one valid prior felony for habitual offender enhancement purposes, however, the State waived the enhancement provided Defendant successfully completed his sentence,

which the parties agreed would not exceed nine years. The district court sentenced Defendant to nine years in prison, suspended all but 364 days and ordered that Defendant serve those 364 days in the Community Custody Program (CCP). The district court further ordered that Defendant was "to be placed on [i]ntensive [s]upervised [p]robation with GPS tracking for five (5) years following release from custody, on condition that Defendant obey all rules, regulations and orders of the [p]robation [a]uthorities, and observe all federal, state and city laws or ordinances." Defendant was also required to abide by special conditions of probation that he: (1) obtain and maintain full-time employment, education, or both; and (2) abstain from the use of alcohol and illegal drugs.

{3}     On December 21, 2015, Defendant was released from CCP and ordered by his supervisor to report to the probation office within twenty-four hours of his release. He reported to the probation office at 8:00 a.m. on December 23, 2015—more than twenty-four hours after his release from CCP—and provided a urine sample that tested positive for morphine. Defendant's probation officer prepared a probation violation report. In his report, the probation officer identified the violation as a drug violation, but detailed both Defendant's failure to timely report to the probation office and the drug violation as part of his evaluation of Defendant's adjustment to supervision, which he described as "poor." The State filed a motion to revoke Defendant's

3

probation, attached the probation violation report, and alleged that Defendant "violated probation as described in the attached [p]robation [v]iolation [r]eport."

**{4}** Following a hearing on the State's motion to revoke Defendant's probation, the district court entered an order revoking Defendant's probation, committing him to the department of corrections, and unsatisfactorily discharging him from probation. Defendant now appeals.

**DISCUSSION**

**I.     Basis for District Court's Finding of a Probation Violation**

**{5}** The parties disagree as to the basis for the district court's finding of a probation violation. Defendant asserts that the State moved to revoke his probation, "incorporating the probation violation report and alleging that he failed a urinalysis test [UA] and recommending that he be reinstated on probation and assigned directly to the [i]ntensive [s]upervised [p]robation [u]nit with zero tolerance for future violations." Nevertheless, Defendant acknowledges that the district court revoked his probation because he did not report to the probation office within twenty-four hours of his release from CCP. However, he asserts that pursuant to the written order revoking his probation, "the court changed its basis for revoking [his] probation from the failure to timely report to probation to drug use, incorporating the motion to revoke and probation violation report by reference." The State, on the other hand,

4

contends that "[t]he only probation violation identified by the district [court] judge at the probation revocation hearing was that Defendant 'failed the [twenty-four]-hour period' for reporting to the [p]robation [o]ffice after his release from prison."

**{6}** We have reviewed the transcript from the revocation hearing and note that, in finding a probation violation, the district court judge stated as follows:

> And what I am hearing for the first time today is that because he failed the [twenty-four]-hour period, was a day later, that he didn't really violate. It was very clear from the outset of this case what [Defendant] needed to do, and I've been more than lenient with regards to giving him a chance, a chance to clean up his life and to help him out here. But I am finding there's a violation because number one, it wasn't within the [twenty-four] hours. And to think that you can just go the next day at eight after he has been on CCP, to me it makes no sense. There was an issue with regards to him supposed to be on GPS, he was supposed to be on GPS, I'm not faulting him for that because it sounds like, from the testimony that I heard, that they were waiting for him to be on ISP for the GPS to be placed on, even though everything that we have here says, immediately once he reports to probation he will be placed on a GPS tracking for five years. So I am finding a violation.

**{7}** The district court entered its written order revoking Defendant's probation the next day, and pursuant to the form order, the district court found that Defendant "violated paragraph 1 of the [m]otion to [r]evoke [p]robation." Notably, the motion to revoke does not contain numbered paragraphs. Instead, it contains a single paragraph of text referring to the alleged violation as follows: "The State alleges that [D]efendant violated probation as described in the attached [p]robation [v]iolation [r]eport."

{8} Given that the probation violation report refers to both the failure to timely report and the positive drug test, and at the conclusion of the hearing on the motion to revoke, the district court found that Defendant violated his probation by failing to timely report to the probation office, we conclude that the district court revoked Defendant's probation, at a minimum, as a result of Defendant's failure to timely report to the probation office. To the extent that Defendant argues that the district court changed its basis for revoking his probation from the failure to timely report to the probation office to drug use, or that the oral ruling and written order were inconsistent, we are not persuaded.

{9} "We review a district court's revocation of a defendant's probation for an abuse of discretion." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. To prove a probation violation, the State is required to establish with a reasonable certainty that such a violation occurred. *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. Applying these standards to the case before us, we conclude the State presented sufficient evidence to prove that Defendant failed to timely report to the probation office, in violation of the district court's order in the underlying judgment that Defendant was required to "obey all rules, regulations and orders of the [p]robation [a]uthorities[.]" This violation alone was a sufficient basis for the district court to revoke Defendant's probation. *See Leon*, 2013-NMCA-011, ¶ 37 (stating that

6

"although [the d]efendant challenges the sufficiency of the evidence supporting each of his probation violations, if there is sufficient evidence to support just one violation, we will find the district court's order was proper"); *see also Green*, 2015-NMCA-007, ¶ 21, n.3 (declining to reach the issue of whether sufficient evidence supported revocation of the defendant's probation on the remaining alleged grounds where this Court found sufficient evidence to support a violation on just one ground).

## II.    Defendant Did Not Preserve the Confrontation Issue

{10}    We note that even if the district court had revoked Defendant's probation solely on the drug-test violation, we would affirm. The only argument Defendant made regarding that violation was not preserved below.

{11}    Defendant claims that he "was denied due process when the district court ignored his right to confront and cross-examine the chemist who tested his urine and determined the presence of morphine as opposed to oxycodone for which he had a prescription." *See State v. Guthrie*, 2011-NMSC-014, ¶ 12, 150 N.M. 84, 257 P.3d 904 ("The right protected in probation revocations is not the sixth amendment right to confrontation, guaranteed every accused in a criminal trial, but rather the more generally worded right to due process of law secured by the fourteenth amendment."). "In order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial

7

court to the claimed error or errors, and that a ruling thereon then be invoked." *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (internal quotation marks and citation omitted); *see also* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked.").

{12}     At the revocation hearing, Defendant erroneously argued that the rules of evidence apply and based his objections to the State's evidence on evidentiary grounds. *See* Rule 11-1101(D)(3)(d) NMRA (providing that the rules of evidence, except for those on privilege, do not apply to "granting or revoking probation or supervised release"). Defendant claimed that his probation officer's testimony and the drug test results were hearsay, that the State failed to lay a foundation for this evidence, and that the probation officer was not qualified to testify regarding the drug results because he was not the chemist who performed the drug test. We conclude that the evidentiary objections that Defendant raised at the hearing were not sufficiently specific to alert the district court to the confrontation issue that Defendant now argues on appeal. *See State v. Lucero*, 1986-NMCA-085, ¶¶ 12-17, 104 N.M. 587, 725 P.2d 266 (holding that denial of right to confrontation may not be raised for first time on appeal, and hearsay objections were not sufficiently specific to alert the district court to claimed constitutional error); *State v. Mora*, 1997-NMSC-060, ¶ 47 n.1, 124 N.M.

8

346, 950 P.2d 789 (holding that the defendant did not preserve his confrontation argument because he failed to object on confrontation grounds or general constitutional grounds), *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683; *cf. State v. Ross*, 1996-NMSC-031, ¶¶ 24-25, 122 N.M. 15, 919 P.2d 1080 (holding that confrontation issue was preserved for appellate review where the defendant timely objected on general constitutional grounds, in addition to evidentiary grounds, and distinguishing *Lucero* by noting that the defendant in that case made only evidentiary objections to hearsay evidence without suggesting that its admission would violate either the state or federal constitutions), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. Therefore, we conclude that this issue was not properly preserved for appellate review.

**CONCLUSION**

{13}    For the foregoing reasons, we affirm.

{14}    **IT IS SO ORDERED.**

_____
**JULIE J. VARGAS, Judge**

**WE CONCUR:**

_____

9

**MICHAEL E. VIGIL, Judge**

_____

**EMIL J. KIEHNE, Judge**