23CA1820 Ida v Univ of Colo Boulder 01-09-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1820
State Personnel Board No. 2022B052

---

Stephen Ida,

Complainant-Appellant,

v.

University of Colorado Boulder, Student Academic Success Center,

Respondent-Appellee,

and

State Personnel Board,

Appellee.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE SCHOCK
Fox and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 9, 2025

---

Stephen Ida, Pro Se

Philip J. Weiser, Attorney General, Bijan Charles Bewley, Special Assistant
Attorney General, Boulder, Colorado, for Respondent-Appellee

No Appearance for Appellee

¶ 1     Complainant, Steve Ida, appeals the Colorado State Personnel Board's dismissal of his appeal of an initial decision of an administrative law judge (ALJ) for failing to file a notice of request for board review and pay for certification of the record.  We affirm.

## I.     Background

¶ 2     After a decade of receiving no work as an on-call professional tutor with the Student Academic Success Center (SASC) at the University of Colorado Boulder, Ida was laid off.  He appealed the layoff to the Colorado Personnel Board (the Board), arguing that the SASC had failed to comply with state personnel rules in conducting the layoff and had discriminated against him on the basis of age.  After an evidentiary hearing, an ALJ affirmed the layoff decision.

¶ 3     The ALJ's decision was issued on July 19, 2023, and served on Ida the next day.  It included instructions on how to appeal the decision to the Board.  Consistent with Board Rules, it explained that, to appeal, a party must (1) file a designation of record with the Board within twenty days of service; (2) file a written notice of appeal within thirty days of service, describing "in detail, the basis for the appeal, the specific findings and/or conclusions of law that the party alleges to be improper, and the remedy being sought"; and

(3) pay the $5.00 cost of preparing the electronic record. *See* Dep't of Pers. & Admin. Rule 8-53(B), (C), 4 Code Colo. Regs. 801-1.

¶ 4 Ida completed the first step of the appeal process by filing a timely designation of record (which he later amended). But he did not file a notice of appeal — which the Board Rules call a Notice of Request for Board Review — or pay for certification of the record.

¶ 5 On August 28, 2023, more than a week after the thirty-day deadline for filing the notice, the Board ordered Ida to show cause why the appeal should not be dismissed for failure to file a timely Notice of Request for Board Review or submit the required payment for certification of the record. Ida responded that he had learned two weeks earlier that he was a member of a union, Colorado Workers for Innovative and New Solutions (COWINS); that the COWINS collective bargaining agreement applied to his case; and that SASC had failed to disclose this to him during the ALJ proceedings. He further asserted that his consultation with counsel about "how to proceed with his appeal" had "consumed extra time."

¶ 6 After considering Ida's response, the Board dismissed his appeal, concluding that Ida had not shown good cause for failing to file a notice of appeal or submit payment for certification of the

2

record. Citing C.R.C.P. 6(b) and *Farmers Insurance Group v. District Court*, 507 P.2d 865, 867 (Colo. 1973), the Board explained that to establish good cause, Ida needed to establish excusable neglect.

## II.  Analysis

¶ 7  Ida contends that the Board acted arbitrarily by dismissing his appeal. He asserts that there was good cause for an extension of the appeal deadline and that the Board applied the incorrect legal standard. We see no basis for setting aside the Board's order.

### A.  Standard of Review and Applicable Law

¶ 8  A party may appeal the decision of the Board to the court of appeals. § 24-50-125.4(3), C.R.S. 2024; § 24-4-106(11), C.R.S. 2024. In such an appeal, we presume the agency action is valid and may set it aside only if the challenging party shows one of the statutory bases set forth in section 24-4-106(7)(b). *Schlapp v. Colo. Dep't of Health Care Pol'y & Fin.*, 2012 COA 105, ¶ 10. In general, we may not overturn an agency action unless it is "arbitrary, capricious, legally impermissible, or an abuse of discretion." *Colo. Real Est. Comm'n v. Hanegan*, 947 P.2d 933, 935 (Colo. 1997).

¶ 9  When an ALJ conducts a hearing and issues an initial decision, a party who seeks to challenge that decision must file an

appeal with the Board within thirty days.  § 24-50-125.4(4).  To initiate such an appeal, the party must file a Notice of Request for Board Review, stating "the basis for requesting the Board review, including the disputed findings of fact and/or conclusions of law." Dep't of Pers. & Admin. Rule 8-53(B), 4 Code Colo. Regs. 801-1. The requesting party must also pay for certification of the record. *Id.* at Rule 8-53(C).  The failure to timely appeal an employment action may result in dismissal of the appeal.  *Id.* at Rule 8-7(G).

¶ 10 The Board may modify procedural requirements, including filing deadlines, "[f]or good cause shown."  *Id.* at Rule 8-48(A).  But any motion to extend a deadline must be filed before the deadline. *Id.* at Rule 8-48(C).  The Board Rules define "good cause" as

> [a]ny cause not attributable to a party's or counsel's act or omission, including but not limited to: death or incapacitation of a party or the attorney for the party; a court order staying or otherwise necessitating a continuance; a change in the parties or pleadings sufficiently significant to require a postponement; a showing that more time is clearly necessary to complete authorized discovery or other mandatory preparation for hearing; or agreement of the parties to a settlement which has been or will likely be approved by the final decision maker.

*Id.* at Rule 1-49.

¶ 11    The Board Rules also provide that "[t]o the extent practicable, the Colorado Rules of Civil Procedure" apply to Board proceedings. *Id.* at Rule 8-40.  Under C.R.C.P. 6(b), a motion for extension made after the deadline may be granted "where the failure to act was the result of excusable neglect."  Excusable neglect occurs "when there has been a failure to take proper steps at the proper time, *not* in consequence of carelessness, but as the result of some *unavoidable hindrance or accident.*"  *Riggs Oil & Gas Corp. v. Jonah Energy LLC*, 2024 COA 57, ¶ 26 (quoting *Farmers Ins. Grp.*, 507 P.2d at 867). Such circumstances generally include "unforeseen occurrences such as personal tragedy, illness, family death, destruction of files, and other similar situations."  *Farmers Ins. Grp.*, 507 P.2d at 867.

### B.    Dismissal

¶ 12    Because the ALJ's initial decision was served on July 20, 2023, Ida had until August 21, 2023, to file a Notice of Request for Board Review.  He did not do so.  Nor did he request an extension of the deadline before the deadline passed.  *See* Dep't of Pers. & Admin. Rule 8-48(C), 4 Code Colo. Regs. 801-1.  After the deadline, in response to the Board's show cause order, Ida requested "consideration of his case" — but not explicitly an extension —

5

based solely on his recent discovery of the COWINS collective bargaining agreement and his need to consult with counsel.

¶ 13    Under these circumstances, the Board did not act arbitrarily or capriciously or otherwise abuse its discretion by dismissing Ida's appeal.  To the extent Ida's response to the show cause order may be construed as a request for an extension, the Board had discretion to grant or deny that request.  *See Macaulay v. Villegas*, 2022 COA 40M, ¶ 73 (explaining that "[g]rants or denials of extensions of time are entirely discretionary" and will be set aside only for an abuse of discretion); Dep't of Pers. & Admin. Rule 8-48(A), 4 Code Colo. Regs. 801-1 (providing that Board *may* modify procedural requirements for good cause).  The Board acted within its discretion by finding that Ida failed to establish good cause.

¶ 14    Ida's belated discovery of the COWINS agreement — and his consultation with counsel about that agreement — does not provide a valid justification for his failure to file the Notice of Request for Board Review.  Indeed, because Ida did not raise the COWINS agreement before the ALJ, that agreement could not be the basis for his appeal.  *See* Dep't of Pers. & Admin. Rule 8-55(B), 4 Code Colo. Regs. 801-1 ("In reviewing an Initial Decision . . . the Board will only

consider . . . [t]he disputed order; and . . . [t]he items included in the certified record."). Nor does Ida's discovery of that agreement fall within any of the categories of "good cause" in Board Rule 1-49. Contrary to Ida's contention, a Notice of Request for Board Review does not involve the completion of "authorized discovery or other mandatory preparation for hearing." *Id.* at Rule 1-49.

¶ 15    The Board also reasonably exercised its discretion by finding that Ida did not establish excusable neglect. COWINS's authority to represent covered state employees in collective bargaining is defined by statute and, thus, is publicly available information. *See* §§ 24-50-1101 to -1117, C.R.S. 2024; *Colo. Workers for Innovative & New Sols. v. Gherardini*, 2023 COA 80, ¶ 4. Ida therefore failed to show any unavoidable hindrance to his earlier discovery of the agreement on which he relies. *See Riggs*, ¶ 26. And although Ida asserts on appeal that he "was being treated for illness" at the time, he did not raise this issue before the Board, so we may not consider it. *See Williams v. Teck*, 113 P.3d 1255, 1260 (Colo. App. 2005) (declining to address arguments not raised in agency action). We note, however, that Ida filed *other* documents with the Board during this

time frame — including a designation of record, a request for recordings, and an amendment to the designation of record.

¶ 16    Ida contends that the Board applied the wrong legal standard by citing to the excusable neglect standard in C.R.C.P. 6(b) instead of the good cause standard in Board Rule 1-49.  But the Board Rules provide that the Colorado Rules of Civil Procedure apply to Board Proceedings "to the extent practicable."  *See* Dep't of Pers. & Admin. Rule 8-40, 4 Code Colo. Regs. 801-1.  Moreover, there is no material difference between the two standards in this context. Board Rule 1-49 defines good cause as "[a]ny cause not attributable to a party's or counsel's act or omission."  In other words, like excusable neglect, mere carelessness or negligence does not suffice. *See Riggs*, ¶ 26.  The Board therefore did not abuse its discretion by requiring Ida to show excusable neglect.  *Brennan v. Broadmoor Hotel Inc.*, 2023 COA 53, ¶ 15 (noting that we must defer to an agency's interpretation of its own regulations unless the plain language compels a different meaning).  And in any event, the Board *also* found that Ida failed to establish good cause.

¶ 17    Ida also argues that his appeal deadline should have been equitably tolled because SASC engaged in wrongful conduct by

failing to disclose the COWINS agreement to him. Because Ida did not raise any equitable tolling argument before the Board, we would not ordinarily address it on appeal. *See Williams*, 113 P.3d at 1260.

¶ 18 But even if we were to construe Ida's response to the show cause order as implicitly raising such an argument, Ida did not show any wrongful conduct or extraordinary circumstances that prevented him from timely filing his appeal. *See Gomez v. Walker*, 2023 COA 79, ¶ 20 (*cert. granted* Mar. 4, 2024). As noted above, both the existence of COWINS and its collective bargaining agreement are publicly available. *See Gherardini*, ¶ 4; *cf. Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 854 (Colo. App. 2007) ("As a general matter, ignorance of the law does not expand the statute of limitations for filing suit."). Thus, even if Ida could not file his Notice of Request for Board Review until he learned of the COWINS agreement — a premise we have already rejected — SASC did not prevent Ida from timely filing his notice. *See Gomez*, ¶ 21.

¶ 19 Because Ida did not file a Notice of Request for Board Review and did not establish good cause or excusable neglect for having failed to do so, the Board properly dismissed Ida's appeal.

## C. Other Issues

¶ 20  Ida raises several other issues concerning the merits of the ALJ's initial decision upholding his layoff. For example, he asserts that SASC violated various statutes and procedural rules in conducting the layoff; that it discriminated against him based on his age; and that the ALJ's decision was legally incorrect.

¶ 21  But as we have explained, the proper avenue for Ida to appeal the ALJ's initial decision was to file an appeal with the Board within thirty days, and then to appeal the decision of the Board to the court of appeals. § 24-50-125.4(3), (4). Because Ida did not timely appeal the ALJ's initial decision to the Board, there is no Board decision on the merits for us to review. Our review is thus limited to the order dismissing Ida's appeal. We therefore do not consider Ida's remaining arguments concerning the merits of his claims.

## III. Disposition

¶ 22  The order is affirmed.

JUDGE FOX and JUDGE JOHNSON concur.