23CA1372 Peo v Sharrett 12-11-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1372
Jefferson County District Court No. 22CR2693
Honorable Christopher C. Zenisek, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jason Michael Sharrett,

Defendant-Appellant.

SENTENCE AFFIRMED

Division I
Opinion by JUDGE J. JONES
Grove and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 11, 2025

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

T. Marshal Seufert, Alternate Defense Counsel, Boulder, Colorado, for
Defendant-Appellant

¶ 1    Defendant, Jason Michael Sharrett, appeals the district court's sentence imposed on the judgment of conviction entered on his guilty plea to one count of driving under the influence (fourth or subsequent offense) and one count of vehicular assault (reckless). We affirm.

## I.    Background

¶ 2    During an afternoon rush hour, Jefferson County 911 dispatchers received multiple calls about a rollover traffic collision on Colorado State Highway 470.  Callers and victims reported that someone was driving a silver GMC Yukon about eighty miles an hour on the highway shoulder.  They also told dispatchers that the Yukon had rammed a vehicle four times at a stoplight, crashed into several other vehicles, and ultimately rolled over.  In total, the Yukon hit eleven vehicles.  Several victims in those vehicles sustained injuries requiring medical treatment; one victim had a nasal fracture requiring eighteen stitches.

¶ 3    Police identified Sharrett as the Yukon's driver.  Police also discovered that he had five prior convictions for driving while ability impaired (DWAI) or driving under the influence (DUI).  Sharrett was taken to the hospital, where medical personnel measured his blood

alcohol content at 0.372. (The legal limit for DUI is 0.08.) He later said that he had received a head injury the day before the incident, had no memory of the day of the incident, and only remembered waking up in the hospital days later.

¶ 4 The People charged Sharrett with twenty-two counts, including DUI (fourth or subsequent offense), vehicular assault and vehicular assault (reckless), assault in the third degree, reckless endangerment, reckless driving, driving under restraint, failure to report accident or return to the scene, and failure to possess insurance while operating a vehicle.

¶ 5 Pursuant to a plea agreement, Sharrett pleaded guilty to two of the charges: DUI (fourth or subsequent offense) and vehicular assault (reckless). In exchange, the People dismissed the other charges. Sharrett signed a petition to plead guilty by admitting that his actions met the elements of both counts to which he was pleading guilty. He acknowledged that the district court had the discretion to find extraordinary aggravating circumstances and could sentence him to a term up to twice the longest sentence in the presumptive range for each offense. He also acknowledged that

the district court could require that he serve the sentences consecutively to each other.

¶ 6      The district court accepted Sharrett's guilty plea. On June 2, 2023, the court sentenced him to twelve years in prison for the DUI conviction and to six years in prison for the vehicular assault conviction, to be served consecutively.

## II.    Discussion

¶ 7      Sharrett contends that the district court erred by sentencing him to consecutive sentences based on his guilty plea because the two offenses were based on identical evidence. We disagree.

### A.    Timeliness of Appeal

¶ 8      Before we can address the merits, we must review the timeliness of Sharrett's appeal. If his appeal was untimely, we lack jurisdiction to consider it. *See People v. Baker*, 104 P.3d 893, 896 (Colo. 2005) (citing *Estep v. People*, 753 P.2d 1241, 1246 (Colo. 1988)). Jurisdiction is a question of law that we review de novo. *People v. Lopez*, 2020 COA 119, ¶ 21.

¶ 9      Shortly after Sharrett began serving his prison sentence, he sent a letter to his attorney asking counsel to appeal his sentence. According to the Public Defender's appellate division, his attorney

3

immediately notified the appellate division of his request. But the appellate division said that it didn't receive that notification until the filing deadline had passed.

¶ 10     Eventually, the appellate division filed a notice of appeal on August 10, 2023, twenty days late.[1] Along with the notice, the appellate division filed a motion to accept the notice of appeal as timely filed. The appellate division later withdrew due to a potential conflict of interest as a result of the late filing.

¶ 11     A motions division of this court reviewed the motion, deferred its resolution, and ordered the parties to address timeliness in their merits briefs.

¶ 12     Sharrett contends that we have jurisdiction over his appeal because, even if his notice was untimely, we may exercise our discretion to extend his time to file based on good cause or other

---

[1] Sharrett argues that the time for appealing didn't begin to run until July 18, 2023, at the earliest, when the court entered a written order granting the prosecution's motion to impose an undetermined amount of restitution. But at sentencing, the court ordered restitution while deferring determination of the amount. Thus, the time for appealing began to run on the date of sentencing, June 2, 2023. *Tennyson v. People*, 2025 CO 31, ¶ 41.

grounds. The People agree that we have the discretion to accept Sharrett's notice of appeal as timely.

¶ 13    We have broad discretion to decide whether to accept a late-filed notice. *Baker*, 104 P.3d at 896. Taken together, the rules of appellate procedure allow us to enlarge the time to file a notice of appeal when there is excusable neglect or good cause shown. *Id.* at 895-96 (citing C.A.R. 2, 4(b)(1), 26(b)). Excusable neglect requires a showing of some "unavoidable hindrance or accident." *Id.* at 896 (quoting *Farmers Ins. Grp. v. Dist. Ct.*, 507 P.2d 865, 867 (Colo. 1973)). But we may review the totality of the circumstances to find whether other good cause exists. *Id.* In doing so, we consider a nonexclusive list of factors, including (1) the potential prejudice the People may suffer from a late filing; (2) interests of judicial economy; and (3) the propriety of requiring the defendant to pursue other remedies. *Id.* at 896-97 (citing *Estep*, 753 P.2d at 1248).

¶ 14    Based on consideration of these factors and our review of the record, we conclude that good cause exists to accept Sharrett's notice of appeal as timely. The record appears to show that Sharrett wanted to appeal his sentence before the deadline to appeal passed. We accept the appellate division's representations

that Sharrett sent a letter to his attorney asking to appeal and that his trial counsel immediately attempted to contact the appellate division. As well, the People concede that they won't suffer any prejudice if Sharrett is allowed to appeal and point out that the issues Sharrett raises could be raised in a postconviction proceeding. We therefore exercise our discretion under C.A.R. 2, 4(b)(1), and 26(b) and accept Sharrett's notice of appeal as timely.

### B. Double Jeopardy and Merger

¶ 15 As noted, Sharrett contends that his sentences for DUI (fourth or subsequent offense) and vehicular assault (reckless) must run concurrently because the two offenses are based on identical evidence.[2] We disagree.

---

[2] Sharrett also appears to contend that the district court couldn't sentence him to a controlling sentence of eighteen years in prison based on his guilty plea because a jury's guilty verdict on all counts would have resulted in a shorter sentence. He is mistaken. Had a jury found him guilty of felony DUI (a class 4 felony), vehicular assault (DUI) (a class 4 felony), and vehicular assault (reckless) (a class 5 felony), the sentencing court would have merged the felony DUI and vehicular assault (DUI) convictions, leaving a felony DUI conviction and a vehicular assault (reckless) conviction. So the sentencing court would have been in the identical position to sentence Sharrett to consecutive sentences on felony DUI and vehicular assault (reckless). In any event, Sharrett is bound by the terms of his plea agreement.

6

### 1.    Applicable Law and Standard of Review

¶ 16    "The Double Jeopardy Clauses of the United States and Colorado Constitutions protect an accused against being twice placed in jeopardy for the same crime." *Woellhaf v. People*, 105 P.3d 209, 214 (Colo. 2005); *see* U.S. Const. amend. V; Colo. Const. art. II, § 18.  "[T]o determine whether punishments imposed by a court after a defendant's conviction are constitutionally proper, we must determine what punishments the legislature has authorized." *Reyna-Abarca v. People*, 2017 CO 15, ¶ 50 (citing *Whalen v. United States*, 445 U.S. 684, 688 (1980)).  "[T]he Double Jeopardy Clause simply embodies the constitutional principle of separation of powers by ensuring that courts do not exceed their own authority by imposing multiple punishments not authorized by the legislature." *Woellhaf*, 105 P.3d at 214; *see Whalen*, 445 U.S. at 688; § 18-1-408(5)(a), C.R.S. 2025.

¶ 17    "Absent legislation to the contrary, sentencing courts in Colorado have discretion to order sentences for different convictions to be served either consecutively or concurrently." *Thompson v. People*, 2020 CO 72, ¶ 59 (citing *Schneider v. People*, 2016 CO 70, ¶ 22).  But a district court must sentence a defendant concurrently

when identical evidence supports multiple convictions, unless multiple victims are involved. *Id.* (citing § 18-1-408(3)). "[T]o decide whether identical evidence supported multiple convictions, we must 'determine if the separate convictions were based on more than one distinct act and if so, whether those acts were separated by time and place.'" *Id.* at ¶ 60 (quoting *Juhl v. People*, 172 P.3d 896, 901 (Colo. 2007)). "In conducting this analysis, we focus on the evidence that supported the convictions, not on the evidence necessarily required to prove the elements of those convictions." *Id.* (citing *Juhl*, 172 P.3d at 902).

¶ 18     We review de novo whether a district court's sentence was authorized by law. *Waddell v. People*, 2020 CO 39, ¶ 10.

2.    Analysis

¶ 19     Contrary to Sharrett's assertion, each conviction is based on separate, independent evidence. DUI is a strict liability crime, meaning no mental state is required for a conviction. Given Sharrett's prior DUI and DWAI convictions, Sharrett committed the felony DUI offense as soon as he began operating the vehicle after consuming enough alcohol to put him over the legal blood-alcohol limit. That is, the felony DUI offense was established by evidence

8

that Sharrett began operating his vehicle while under the influence, after having at least three prior similar offenses. But that evidence didn't prove the vehicular assault offense. That offense was established by evidence that at some later time and place, Sharrett drove recklessly and thereby caused serious bodily injury to another person. *See* § 18-3-205(1)(a), C.R.S. 2025.

¶ 20 We therefore conclude that each conviction was based on different evidence, so it doesn't matter that the offenses may have arisen out of the same criminal episode. *See Juhl*, 172 P.3d at 899-900 (convictions for offenses arising out of the same criminal episode must be sentenced concurrently only if the convictions are based on identical evidence).

¶ 21 Sharrett also appears to argue that felony DUI is a lesser included offense of vehicular assault. It isn't. The elements of the

offenses differ such that proof of vehicular assault doesn't prove felony DUI. *See* § 18-1-408(5)(a); *Reyna-Abarca*, ¶ 64.[3]

## III. Disposition

¶ 22     The sentence is affirmed.

JUDGE GROVE and JUDGE SCHUTZ concur.

---

[3] To the extent Sharrett argues that each conviction concerned the same victim, we aren't persuaded. While the vehicular assault charge named a victim, the felony DUI charge didn't because the offense doesn't require a victim. *See* § 42-4-1301(1)(a), C.R.S. 2025. Indeed, comments by sponsors for the bill enacting felony DUI indicate that the victims of repeat felony DUI offenses are public safety and the DUI offender himself. 2d Reading on H.B. 15-1043 before the H., 70th Gen. Assemb., 1st Reg. Sess. (Apr. 14, 2015).