The PEOPLE of the State of Colorado, Petitioner–Appellee,

In the Interest of M.A.M., Juvenile–Appellant.

No. 06CA1961.

Colorado Court of Appeals, Div. IV.

June 14, 2007.

Rehearing Denied July 19, 2007.

John W. Suthers, Attorney General, Jennifer A. Berman, Assistant Attorney General, Denver, Colorado, for Petitioner–Appellee.

Law Office of Kevin C. Flesch, LLC., Kevin C. Flesch, Lori Beck, Englewood, Colorado, for Juvenile–Appellant.

Opinion by Judge BERNARD.

M.A.M. (juvenile) appeals the district court's order denying his untimely request for review of a magistrate's judgment adjudicating him delinquent. We reverse and remand for further proceedings.

## I. Background

A delinquency petition was filed alleging juvenile had committed acts which, if committed by an adult, would constitute the offenses of conspiracy and second degree assault. *See* §§ 18–1.3–406(2)(a)(II)(C), 182201(4.5), 18–3–203(1)(g), (2)(c), C.R.S. 2006. Although juvenile was advised he had the right to a jury trial, he did not file such a request. Nor did juvenile exercise his right, under § 19–1–108(3), C.R.S.2006, to have the trial heard by a judge. Thus, the matter was tried before a magistrate, who found the People had proved the allegations of the delinquency petition beyond a reasonable doubt. The magistrate imposed sentence on September 8, 2005.

Juvenile's counsel did not file a petition for review in the district court within fifteen days, a necessary prerequisite for appellate review in this court pursuant to § 19–1–108(5)(a), C.R.S.2006. Instead, juvenile's

counsel filed a notice of appeal with this court on September 20, 2005.

In response to a show cause order from this court noting the absence of a petition for district court review, juvenile's counsel asserted that, pursuant to C.R.M. 7(b), the filing of such a petition was not a prerequisite to appellate review in this court because the matter had been tried before a magistrate with the consent of the parties. A division of this court dismissed the appeal without prejudice based on juvenile's failure to comply with § 19–1–108(5)(a). *People in Interest of M.A.M.*, (Colo.App. No. 05CA2009, May 1, 2006)(unpublished order).

Because consent of the parties was not necessary for the magistrate to hear this delinquency action, § 19–1–108(1), C.R.S. 2006 (authorizing a magistrate to hear any juvenile delinquency matter except where a jury trial has been requested, or in transfer proceedings), the procedures to be followed to obtain review of the adjudication were not governed by C.R.M. 7(b) (a petition for district court review under C.R.M. 7(a) is not a prerequisite to review in the Court of Appeals where the magistrate's order was entered with the consent of the parties and the consent of the parties was necessary for the magistrate to hear the matter). Rather, the filing of a petition for review in the district court was a prerequisite to this court's review of juvenile's delinquency adjudication that had been tried before a magistrate. Section 19–1–108(5)(a).

Soon thereafter, juvenile's counsel filed a petition in the district court seeking review of the magistrate's order. However, the district court issued a show cause order asking why the petition should not be dismissed with prejudice as untimely.

Juvenile's counsel filed a response to the show cause order in which he explained he had not filed a timely petition for review due to his belief that, under C.R.M. 7(b), such a petition was not a prerequisite to appellate review because the matter had been tried before a magistrate with the consent of the parties. The People then filed a reply arguing the petition should be dismissed because juvenile had not demonstrated good cause for the untimely filing.

The district court issued an order dismissing the petition with prejudice based on a finding that juvenile had not demonstrated "good cause to reinstate the [p]etition for [r]eview."

## II. Excusable Neglect

■ On appeal, juvenile argues that, because the district court did not adequately state the basis for its refusal to accept the untimely petition for review, it is not possible to determine whether the court acted within its discretion. We disagree, although we conclude a

remand for further findings and reconsideration is required.

In *C.S. v. People*, 83 P.3d 627 (Colo.2004), a dependency and neglect case in which a magistrate issued an order terminating parental rights, the supreme court held that the filing deadline for district court review of a magistrate's decision set forth in § 19–1–108(5) is a nonjurisdictional procedural requirement that can be waived:

> We recognize that neither section 19–1–108(5) nor C.R.M. 7(a), the rule generally governing a district court's review of the magistrate's order, provide[s] any exception to a late-filed petition for review. However, interpreting the filing requirement of 19–1–108(5) liberally to account for the best interests of the child and avoiding a construction of the statute that would call into question its constitutional validity, we hold that under 19–1–108(5), a district court retains jurisdiction to consider a late-filed petition when the delay is the result of excusable neglect.

*C.S. v. People, supra,* 83 P.3d at 635.

Here, both parties contend the holding of *C.S.* applies with equal force to petitions for review of juvenile delinquency proceedings. We agree it applies to delinquency cases. The language of § 19–1–108(5) interpreted in *C.S.* is the same as that at issue here (except for an immaterial distinction involving a slightly shorter filing deadline for dependency and neglect cases), and the public policy supporting a liberal construction also pertains to juvenile delinquency proceedings.

*See* § 19–1–102(2), C.R.S.2006 (the provisions of Title 19 "shall be liberally construed to serve the welfare of children and the best interests of society"); § 19–2–102(1), C.R.S. 2006 (the juvenile justice system is designed to take account of "the best interests of the juvenile").

Thus, we must decide whether the district court abused its discretion by refusing to entertain juvenile's untimely petition. "A trial court abuses its discretion when it acts in a manifestly arbitrary, unfair, or unreasonable manner." *People v. Ellis*, 148 P.3d 205, 211 (Colo.App.2006).

In *C.S.*, the supreme court was not called upon to decide what circumstances would constitute "excusable neglect" for purposes of § 19–1–108(5) because, in that case, the prosecution had not opposed the late filing of the petition for review of the magistrate's termination decision. However, the supreme court has defined "excusable neglect" in the analogous context of an untimely appeal from an order terminating parental rights:

> Under C.A.R. 4(a), the court of appeals has discretion to extend the time for filing a notice of appeal, either before or after the time for filing such a notice has expired, "[u]pon a showing of excusable neglect." In *Farmers Ins. Group v. District Ct.*, 181 Colo. 85, 507 P.2d 865 (1973), *cert. denied*, 414 U.S. 878, 94 S.Ct. 156, 38 L.Ed.2d 123 (1973), we defined "excusable neglect" for the purposes of C.R.C.P. 6(b)(2) to be "a situation where the failure to act results from circumstances which would cause a reasonably careful person to neglect a duty." *Id.* 181 Colo. at 89, 507 P.2d at 867. We have relied on the same standard to define "excusable neglect" as a basis for relief from a judgment or order under C.R.C.P. 60(b), *Tyler v. Adams County Dept. of Social Services*, 697 P.2d 29, 32 (Colo.1985), and as a basis for extension of time to file a notice of appeal in a criminal case under C.A.R. 4(b), *Estep v. People*, 753 P.2d 1241, 1247 (Colo.1988).

*P.H. v. People*, 814 P.2d 909, 912–13 (Colo. 1991) (footnote and additional citation omitted). Accordingly, we conclude this same definition of "excusable neglect" should apply to a district court's discretionary decision whether to accept an untimely petition for review of a magistrate's order pursuant to § 19–1–108(5).

Here, contrary to juvenile's suggestion, the basis of the district court's ruling is readily discernible from its order: the court was not persuaded that counsel's misunderstanding of the law amounted to "good cause" justifying the acceptance of an untimely petition for review. We conclude this determination amounted to a finding that juvenile had not shown "excusable neglect," and we perceive no abuse of discretion in the district court's so ruling. *See P.H. v. People, supra*, 814 P.2d at 913 n. 9 (for purposes of the "good cause" standard applicable to motions for enlargement of time pursuant to C.A.R. 26(b), under *Estep v. People, supra*, when the basis for the extension is solely because counsel neglected to file a notice of appeal, such neglect cannot constitute "good cause" unless it meets the "excusable neglect" standard of *Farmers Ins. Group, supra*); *see also Estep v. People, supra* (identifying examples of "unusual circumstances" amounting to "excusable neglect," such as a trial court's delay in informing counsel of a ruling, or a party's reliance on a trial court's erroneous calculation of a deadline).

### III. Inexcusable Neglect

We now turn to determining what the effect of an allegation of counsel's inexcusable neglect in these circumstances should be upon the analysis of a district court's review of a magistrate's decision in a juvenile delinquency case. As *Estep v. People, supra*, recognizes, counsel's inexcusable neglect can, in some situations, constitute good cause for extending the time in which to file a request for appellate review. We conclude such allegations of inexcusable neglect should be resolved by the district court in the course of determining whether there is good cause to consider juvenile's petition for review, even though there was no excusable neglect to justify its late filing.

### A. Review of Magistrate's Order

The process followed by the district court in evaluating a petition for review is appellate in nature:

[B]ecause the district court reviews only the record of the hearing before the magistrate, its review is similar to an appellate review of the magistrate's decision. Pursuant to § 19–1–108(5), therefore, [the court of appeals'] review of the trial court's reversal of the magistrate's judgment is similar to a second level of appellate review.

*People in Interest of J.G.*, 97 P.3d 300, 302 (Colo.App.2004); *see also In Interest of A.P.H.*, 98 P.3d 955, 958 (Colo.App.2004) (in allocation of parental responsibilities case, "we reject [the] suggestion that the district court's review of the magistrate's hearing transcript was equivalent to a hearing by a judge in the first instance").

At the time of juvenile's adjudication and sentencing, the version of § 19–1–108(5) then in effect mandated that a district court's review of a magistrate's order

shall be solely upon the record of the hearing before the magistrate and shall be reviewable upon the grounds set forth in rule 59 of the Colorado rules of civil procedure. A petition for review shall be a prerequisite before an appeal may be filed with the Colorado court of appeals or Colorado supreme court.

Colo. Sess. Laws 1999, ch. 274 at 1086. C.R.C.P. 59 governs motions for posttrial relief, including listing, in subsection (d), grounds justifying a new trial. The "record of the hearing" described in former § 19–1–108(5) is similar to the record reviewed on appeal under C.A.R. 10.

 In addition to the nature of the record reviewed, the Colorado Rules for Magistrates, which also guide a district court in reviewing the orders of magistrates, *People in Interest of R.A.*, 937 P.2d 731, 736 n. 5 (Colo.1997), indicate the process of review has an appellate character. Only final orders are subject to review. *Compare* C.R.M. 7(a)(3) *with* C.A.R. 1(a)(1). Petitions for review must identify the alleged errors in the magistrate's order. *Compare* C.R.M. 7(a)(7) *with* C.A.R. 3(g)(4). The magistrate's findings of fact cannot be altered unless "clearly erroneous," which is a standard of review employed by appellate courts. *Compare* C.R.M. 7(a)(9) *with People v. Blackmon,* 20

P.3d 1215, 1218 (Colo.App.2000). At the end of the review process, the district court must "adopt, reject, or modify the [magistrate's] initial order or judgment" in a written order, which is similar to an appellate court's resolution of an appeal by affirming or reversing a judgment or order. *Compare* C.R.M. 7(a)(10) *with* C.A.R. 35(c)-(d).

Appeals to this court from juvenile adjudications and sentences are conducted pursuant to the rules of appellate procedure. Sections 19–1–109(1), 19–2–903(1), C.R.S.2006. However, appellate review is barred if a timely petition for review has not been filed with, and decided by, the district court. C.R.M. 7(a)(11).

### B. *Estep* and *Baker*

In *Estep v. People, supra*, the supreme court cautioned that:

if it appears that counsel's neglect is inexcusable, the court should consider further whether other factors weigh heavily in favor of permitting the late filing. Those factors include the potential prejudice the appellee may suffer from a late filing, the interests of judicial economy, and the propriety of requiring the defendant to pursue other remedies to redress his counsel's neglect.

*Estep v. People, supra*, 753 P.2d at 1248 (concluding that, although counsel's failure to file a timely notice of appeal was inexcusable, an assessment of the above-enumerated considerations required that the appeal be reinstated for good cause under C.A.R. 26(b)). Likewise, in *People v. Baker*, 104 P.3d 893, 896 (Colo.2005), the court held that, although counsel's carelessness and ignorance of his responsibilities in failing to file a notice of appeal in the correct court did not constitute excusable neglect, reinstatement of the defendant's appeal was warranted based on a weighing of the *Estep* factors.

*Estep* and *Baker* each relied upon provisions of the appellate rules that allowed this court, under C.A.R. 26(b), to enlarge the time for filing a notice of appeal in criminal cases for "good cause shown." There is similar authorization in the rules governing juvenile delinquency cases. C.R.J.P. 1 indicates de-

linquency proceedings shall be conducted in "accordance with the Colorado Rules of Criminal Procedure," unless otherwise provided. Crim. P. 45(b) allows for courts to enlarge the time for performing an act for "cause shown," including, in Crim. P. 45(b)(2), permitting, upon a showing of excusable neglect, acts to be performed after the expiration of a specified period.

Because a district court's review of a magistrate's order is effectively appellate in nature, we conclude the factors identified in *Estep–Baker* are equally important when a juvenile's ability to obtain appellate review of a judgment of delinquency entered by a magistrate is foreclosed by counsel's failure to file a timely petition for district court review pursuant to § 19–1–108(5), and should be considered as part of a determination whether there is good cause to permit the late filing of a petition for review. *See generally A.C. v. People,* 16 P.3d 240, 242 (Colo.2001)(although the "unique nature of juvenile delinquency proceedings prompts courts to refer to them as civil in nature," "the United States Supreme Court has determined that despite the similarities of juvenile proceedings to civil proceedings, due process requires that courts make certain protections offered to adult criminal defendants available to alleged juvenile offenders").

■ Inexcusable neglect in delinquency cases does not encompass all acts or omissions by counsel that do not otherwise constitute excusable neglect. *See People v. Gilmore,* 97 P.3d 123, 129 (Colo.App.2003) ("*Estep* does not grant parties the power to intentionally forgo a timely filing when they conclude that it would be more efficient for the judiciary if they do so."). Rather, the focus is on whether a juvenile in a delinquency action can establish that his or her attorney's "ineffectiveness resulted in a deprivation of the right to appeal." *People in Interest of A.J.,* 143 P.3d 1143, 1149 (Colo. App.2006). It is only after a determination is made that counsel's acts or omissions were inexcusable that the court turns to the *Estep–Baker* analysis of whether other factors—such as prejudice to the prosecution from late filing, the interests of judicial economy, and the propriety of requiring a

juvenile to file a motion pursuant to Crim. P. 35(c) to seek relief from counsel's ineffectiveness—"weigh heavily" in favor of permitting the late filing.

## C. Conclusion

Therefore, because the district court's order denying juvenile's petition for review as untimely does not indicate whether the court took account of the *Estep–Baker* considerations, and because at least one of these factors—the potential prejudice to the People that would result from allowing a late filing— requires the resolution of factual issues, we remand for additional findings and reconsideration in light of the *Estep–Baker* factors.

In the event the district court concludes that juvenile's right of review should be reinstated, the district court is directed to conduct a review of the magistrate's judgment pursuant to § 19–1–108(5). *See also* § 19–1–108(5)(b), C.R.S.2006 (repealing § 19–1–108(5) effective July 1, 2007); § 19–1–108(5.5), C.R.S.2006 (reenacting the language of § 19–1–108(5) and incorporating the grounds for review specified in C.R.C.P. 59). If the district court determines that juvenile's right of review should not be reinstated, the court should make findings sufficient to facilitate appellate review of its decision, including an explanation of how the People would be prejudiced by allowing the late filing.

The order is reversed, and the case is remanded for further proceedings consistent with the views expressed in this opinion.

Judge CASEBOLT and Judge HAWTHORNE concur.