The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
November 12, 2020

**2020COA159**

**No. 18CA0668, *People in Interest of A.P.H.*— Juvenile Court —
Delinquency — Magistrates — Petition for Review; Appeals —
Court of Appeals — Jurisdiction**

This is a juvenile delinquency matter in which the juvenile is
appealing a magistrate's order revoking his probation and deferred
adjudication. As a matter of first impression, a division of the court
of appeals addresses whether, under the Children's Code and the
Colorado Rules of Magistrates, a juvenile appellant must first
petition the district court for review of a magistrate's order revoking
probation and imposing sentencing as a prerequisite to seeking
review by the court of appeals. The division concludes that,
pursuant to section 19-1-108(1) and (5.5), C.R.S. 2019, a juvenile
must petition the district court for review of a magistrate's order
revoking probation before the juvenile may pursue review by the

court of appeals.  And this conclusion holds independent of whether consent was given or required for the magistrate to conduct the proceeding from which the juvenile appeals.

Because the juvenile in this case is directly appealing the magistrate's order — and not any order from the district court — the division dismisses his appeal for lack of jurisdiction.

COLORADO COURT OF APPEALS                    **2020COA159**

Court of Appeals No. 18CA0668
Mesa County District Court No. 14JD120
Honorable William T. McNulty, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of A.P.H.,

Juvenile-Appellant.

APPEAL DISMISSED

Division V
Opinion by JUDGE WELLING
J. Jones and Gomez, JJ., concur

Announced November 12, 2020

Philip J. Weiser, Attorney General, Grant R. Fevurly, Assistant Attorney
General, Denver, Colorado, for Petitioner-Appellee

Laura Harvell, Alternate Defense Counsel, Grand Junction, Colorado, for
Juvenile-Appellant

¶ 1     A.P.H., a juvenile, appeals the magistrate's order revoking his probation and deferred adjudication.  A.P.H. first sought review of the magistrate's order before the district court.  However, the district court held that A.P.H.'s petition for review — which was filed after an extended deadline had expired — was untimely.  On appeal, he doesn't ask us to review the district court's ruling that his petition was untimely; rather, he seeks direct appellate review of the magistrate's order revoking his probation and deferred adjudication.

¶ 2     As a matter of first impression, we address whether, under the Children's Code and the Colorado Rules of Magistrates, a juvenile appellant must first petition the district court for review of a magistrate's order revoking probation and imposing sentencing as a prerequisite to seeking this court's review.  We conclude that, pursuant to sections 19-1-108(1) and (5.5), C.R.S. 2019, a juvenile must petition the district court for review of a magistrate's order revoking probation before the juvenile may pursue review by the court of appeals.  And this conclusion holds independent of whether

consent was given or required for the magistrate to conduct the proceeding from which the juvenile appeals.

¶ 3    Because A.P.H. is directly appealing the magistrate's order — and not any order from the district court — we dismiss his appeal for lack of jurisdiction.

## I.    Background

¶ 4    In December 2013, A.P.H. pleaded to a deferred adjudication for an offense that, if committed by an adult, would constitute a felony.  A condition of A.P.H.'s deferred adjudication was that he comply with the terms and conditions of probation.

¶ 5    In February 2015, the probation department filed a complaint and request for detention, alleging that A.P.H. had violated the terms and conditions of his probation.  Over the next twenty-seven months, the probation complaint was withdrawn, refiled, and amended.  For reasons immaterial to this appeal, a hearing on the complaint wasn't conducted until May 2017.

¶ 6    When the hearing on the petition to revoke A.P.H.'s probation was eventually held, it was conducted before a juvenile magistrate.  Following the evidentiary hearing, the magistrate sustained the

petition, revoked A.P.H.'s probation, entered the adjudication which had been previously deferred, and set the matter over for sentencing. On November 7, 2017, the magistrate sentenced A.P.H.

¶ 7    Initially, A.P.H. proceeded as though he needed to petition the district court for review of the magistrate's order before appealing to this court. Specifically, on November 20, 2017, thirteen days after the magistrate imposed sentence, A.P.H. filed a motion for extension of time to file a petition for review. The district court granted that motion, setting January 3, 2018, as the deadline for A.P.H. to file his petition for review. On January 4, 2018 — one day after the extended deadline had passed — A.P.H. filed his petition for district court review along with an unopposed motion requesting that the district court accept his petition for review as timely filed.

¶ 8    On January 15, 2018, the district court denied A.P.H.'s unopposed motion to accept the petition for review as timely filed, concluding that "the motion was untimely filed" and, thus, "the court lost jurisdiction" over A.P.H.'s case. The following day, A.P.H. filed a motion asking the district court to reconsider its denial of his request to file the petition for review out of time. After the People

had an opportunity to respond, the district court denied the motion for reconsideration, still concluding that it lacked jurisdiction to consider the merits of A.P.H.'s petition for review.

¶ 9    A.P.H. then filed a direct appeal of the magistrate's order to this court.[1]

## II.    Analysis

¶ 10    A.P.H. is not appealing the district court's order denying his motion to file his petition for review out of time, nor is he appealing the district court's ruling that it lacked jurisdiction to consider his petition for review of the magistrate's order because the petition and the request for additional time were filed after the extended deadline had expired.[2]  Instead, A.P.H. seeks direct review of the magistrate's order by this court, contending that district court review of the

---

[1] A motions division of this court granted A.P.H.'s motion to file his notice of appeal of the magistrate's order out of time, which is why this appeal isn't barred as untimely.

[2] Because A.P.H. doesn't appeal these rulings, we offer no opinion on whether the district court abused its discretion by denying A.P.H.'s motion or correctly concluded that it lacked jurisdiction to consider A.P.H.'s petition for review since it was filed after the extended deadline had expired.

magistrate's order is not a prerequisite to this court's review of that order.

## A. The Children's Code

¶ 11 Section 19-1-108(1) of the Children's Code provides that "the juvenile court may appoint one or more magistrates to hear *any* case or matter under the court's jurisdiction" except where a juvenile defendant requests a jury trial or the matter is a transfer hearing. (Emphasis added.) Because a probation revocation hearing doesn't fall within one of the exceptions, a juvenile magistrate may conduct a hearing for the revocation of a juvenile's probation.

¶ 12 Another subsection of section 19-1-108 sets forth the procedural requirements for appealing a juvenile magistrate's order. Under section 19-1-108(5.5), a party aggrieved by a magistrate's order is required to file a petition for review to the district court within fourteen days of the magistrate's order. This "petition for review is a prerequisite before an appeal may be filed with the Colorado court of appeals or Colorado supreme court." § 19-1-108(5.5). Accordingly, the Children's Code requires a juvenile

defendant to appeal a magistrate's revocation of probation to the district court as a prerequisite to appeal the decision to the court of appeals.

### B.    The Magistrate Rules

¶ 13    Notwithstanding the provisions of the Children's Code discussed above, A.P.H. contends that C.R.M. 7 controls whether he was required to first seek review of the magistrate's order to the district court before appealing to this court.  Specifically, A.P.H. asserts that the parties' consent is required for a juvenile magistrate to preside over a revocation of probation matter and, thus, C.R.M. 7(b) applies.  Under C.R.M. 7(b), if consent was required for the magistrate to hear the matter, the magistrate's decision "shall be appealed pursuant to the Colorado Rules of Appellate Procedure in the same manner as an order or judgment of a district court."  That is, a timely petition to the district court isn't a prerequisite for review from the court of appeals.  (Indeed, if C.R.M. 7(b) applied, as A.P.H. now argues, the district court couldn't have reviewed the magistrate's order.)

¶ 14    By focusing on whether consent was required for a magistrate to preside over his probation revocation, A.P.H. misses the mark. To be sure, C.R.M. 7 generally divides cases into those for which consent from the parties is required for a magistrate to preside, *see* C.R.M. 7(b), and those for which consent from the parties isn't required for a magistrate to preside, *see* C.R.M. 7(a).

¶ 15    But the requirements of C.R.M. 7 apply only if there isn't a statute or rule that otherwise governs.  *See* C.R.M. 7(a)(1) ("*Unless otherwise provided by statute*, this Rule is the exclusive method to obtain review of a district court magistrate's order or judgment issued in a proceeding in which consent of the parties is not necessary.") (emphasis added).  Indeed, "a juvenile court magistrate has the powers and is subject to the limitations set forth in [the Children's Code, sections 19-1-101 to -129, C.R.S. 2019,] and it must conduct proceedings in accordance with the [statute]." *In re A.P.H.*, 98 P.3d 955, 957 (Colo. App. 2004) (citing C.R.M. 6(d)). Thus, we look to the Children's Code — in particular, section 19-1-108 — to determine the requirements for a juvenile appellant to seek review of a magistrate's order revoking probation.  *See id.*

(holding that, in reviewing the decision of a juvenile magistrate, "the magistrate and the district court erred in relying on the rules for magistrates . . ., rather than on [section] 19-1-108").

¶ 16 Pursuant to section 19-1-108(5.5), a juvenile appellant must file a petition for review within fourteen days of a magistrate's order. This petition for review "is a prerequisite before an appeal may be filed with the Colorado court of appeals or Colorado supreme court." § 19-1-108(5.5). Simply put, under the Children's Code, it is of no consequence whether the proceeding presided over by the magistrate required the parties' consent. Either way, a petition for review to the district court was a prerequisite to our review.[3]

---

[3] To be sure, there is case law that indicates this isn't a matter that requires consent. *See People in Interest of M.A.M.*, 167 P.3d 169, 171 (Colo. App. 2007) (reasoning that because section 19-1-108(1), C.R.S. 2019, provides that a magistrate may hear "any" juvenile delinquency matter except for transfer hearings or where a jury trial is requested, the consent of the parties isn't required for a magistrate to conduct a juvenile adjudication of delinquency). We need not resolve this issue, however, because whether the magistrate had authority to decide this matter isn't disputed and, for the reasons discussed in this opinion, whether the parties gave consent isn't material to whether district court review was required as a prerequisite to appeal.

## C. Application

¶ 17 To summarize, the magistrate held a hearing on the revocation of A.P.H.'s probation and revoked A.P.H.'s probation and deferred adjudication. A.P.H. filed — and was granted — an extension of time to file a petition for review of the magistrate's order to the district court. He then filed a petition for review simultaneously with another request for an extension of time after his initially-extended deadline had passed.

¶ 18 The district court held that A.P.H.'s petition was filed untimely and that it lacked jurisdiction. However, A.P.H. doesn't challenge the district court's order on appeal.

¶ 19 The only matter A.P.H. appeals is whether the magistrate erred by revoking his probation. But we lack jurisdiction to review the magistrate's order directly because the district court didn't review it. *See People in Interest of K.L-P.,* 148 P.3d 402, 403 (Colo. App. 2006) ("Because the issue was not presented on judicial review to the district court judge, it is not properly before us on appeal."). Rather, the only matter we have jurisdiction to review — the district

court's decision to dismiss A.P.H.'s petition for review — is not raised. Accordingly, we dismiss the appeal.

### III. Conclusion

¶ 20 For the reasons set forth above, we dismiss the appeal for lack of jurisdiction.

JUDGE J. JONES and JUDGE GOMEZ concur.