The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
January 21, 2021

## 2021COA5

## No. 20CA0897, *People in the Interest of L.B-H-P.* — Juvenile Court — Dependency and Neglect — Termination of the Parent-Child Legal Relationship — Magistrates — Petition for Review — Excusable Neglect

In this dependency and neglect proceeding, a magistrate terminated the parent-child legal relationship between the mother and the child.  The mother sought juvenile court review of the termination order, but the court denied her request because it was untimely under section 19-1-108(5.5), C.R.S. 2020, and she did not show that the late filing was the result of excusable neglect.

On appeal, a division of the court of appeals considers a novel question in Colorado:  When does a party's counsel's medical condition or need for medical care constitute excusable neglect?  The division concludes that the party must show that counsel's condition or need for care was so disabling as to prevent counsel

from filing the petition or a request for an extension of time. Because the mother did not meet that standard here, the division affirms the juvenile court's judgment.

Court of Appeals No. 20CA0897
Fremont County District Court No. 19JV6
Honorable Larry Dean Allen, Magistrate

The People of the State of Colorado,

Appellee,

In the Interest of L.B-H-P. a Child,

and Concerning B.B.,

Appellant.

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE NAVARRO
Tow and Lipinsky, JJ., concur

Announced January 21, 2021

Brenda L. Jackson, City Attorney, Roger B. Larsen, Assistant City Attorney, Cañon City, Colorado, for Appellee

Jenna Mazzucca, Guardian Ad Litem

Ainsley Bochniak, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant

¶ 1     In this dependency and neglect proceeding, a magistrate terminated the parent-child legal relationship between B.B. (mother) and L.B-H-P. (the child).  Mother sought juvenile court review of the termination order, but the juvenile court denied her request because it was untimely under section 19-1-108(5.5), C.R.S. 2020.  Mother now appeals the juvenile court's judgment denying her request for review.

¶ 2     Colorado law makes clear that section 19-1-108(5.5) does not limit the juvenile court's jurisdiction to consider a petition for review but sets forth "a procedural rule that creates a condition precedent to the party's right to appeal the magistrate's order."  *C.S. v. People in Interest of I.S.*, 83 P.3d 627, 635 (Colo. 2004).  Therefore, a juvenile court retains jurisdiction to consider a late petition for review and may do so if, in its discretion, the court finds that the delay is the result of excusable neglect.  *See id.*  But we must decide an unanswered question in Colorado: When does a party's counsel's medical condition or need for medical care constitute excusable neglect?

¶ 3     We conclude that the party must show that counsel's condition or need for care was so disabling as to prevent counsel

1

from filing the petition or a request for an extension of time. Mother did not meet that standard here. Therefore, we affirm the judgment.

## I. The Dependency and Neglect Case

¶ 4      In January 2019, the Fremont County Department of Human Services initiated a dependency and neglect case and assumed custody of the child, who was nearly one year old. According to the Department, the child had been present during a domestic violence altercation between her parents, mother had been arrested for violating a protection order that prohibited her from having contact with the child, and mother was using methamphetamine.

¶ 5      Based on mother's admission, a magistrate adjudicated the child dependent and neglected. The magistrate also adopted a treatment plan for mother.

¶ 6      In August 2019, the Department moved to terminate the legal relationship between mother and the child. Mother consented to the magistrate's hearing the termination motion. After a two-day hearing held between November 2019 and January 2020, the magistrate issued an order terminating mother's parental rights in late February 2020.

¶ 7     Eleven days later, mother sought juvenile court review of the magistrate's termination order.  Mother recognized that the request for review was four days late but asked the court to find that she had shown excusable neglect for the late filing.  The court decided that she had not shown excusable neglect and denied her petition for review.

## II.  Review of Magistrate's Order

¶ 8     Mother contends that the juvenile court erred by denying her petition for review of the magistrate's termination order.  We disagree.  The juvenile court reasonably determined that mother did not show that her late petition was the result of excusable neglect.

### A.  The Statutory Framework

¶ 9     The juvenile court has exclusive, original jurisdiction in proceedings to terminate the parent-child legal relationship. § 19-1-104(d), C.R.S. 2020.  The juvenile court may delegate its authority to hear such proceedings to magistrates.  § 19-1-108(1). In a case heard by a magistrate, the parties are bound by the magistrate's findings and recommendations, subject to requesting review by the juvenile court.  § 19-1-108(3)(a.5).

¶ 10     A request for juvenile court review is a prerequisite to an appeal to this court or to our supreme court. § 19-1-108(5.5). In dependency and neglect proceedings, the request for review must be filed within seven days of the magistrate's order. *Id.*

## B. Excusable Neglect

### 1. The Legal Standard

¶ 11     As noted, our supreme court has held that a juvenile court has jurisdiction to consider a late petition for review in dependency and neglect cases. *See C.S.*, 83 P.3d at 635. The supreme court recognized that a juvenile court has discretion to consider a late petition when the delay is the result of excusable neglect. *Id.*

¶ 12     Excusable neglect for filing a late petition for juvenile court review exists in "a situation where the failure to act results from circumstances which would cause a reasonably careful person to neglect a duty." *People in Interest of M.A.M.*, 167 P.3d 169, 172 (Colo. App. 2007) (citation omitted); *see also P.H. v. People in Interest of S.H.*, 814 P.2d 909, 912-13 (Colo. 1991). In other words, to establish excusable neglect, the circumstances must show that "there has been a failure to take proper steps at the proper time, not in consequence of carelessness, but as the result of some

4

unavoidable hindrance or accident." *People in Interest of A.J.*, 143 P.3d 1143, 1146 (Colo. App. 2006) (citation omitted).

¶ 13　In exercising its discretion to entertain a late petition, the juvenile court should take into account not only the reasons for the delay but also the child's need for finality in the proceedings. *C.S.*, 83 P.3d at 635. A court abuses its discretion when its ruling is manifestly arbitrary, unfair, or unreasonable. *People in Interest of C.Y.*, 2018 COA 50, ¶ 13.

### 2. The Reason for the Late Petition

¶ 14　Here, mother's counsel offered two reasons for the late filing of the petition. Counsel asserted that she

- had initially operated under the mistaken belief that the deadline for seeking review was fourteen days because that is the timeframe for other proceedings subject to the Children's Code; and

- did not have a meaningful opportunity to file the petition within the prescribed seven-day period because she had to attend three medical appointments related to her high-risk pregnancy as well as represent another client in a termination hearing lasting a day and a half.

### 3. Misunderstanding of the Timeframe

¶ 15     As the juvenile court recognized, a counsel's failure to act because of carelessness and negligence is not excusable neglect. *See Colo. Dep't of Pub. Health & Env't v. Caulk*, 969 P.2d 804, 809 (Colo. App. 1998). Thus, absent unusual circumstances, an attorney's negligence in failing to meet a deadline does not constitute excusable neglect. *See A.J.*, 143 P.3d at 1147.

¶ 16     To be sure, section 19-1-108(5.5) lays out different deadlines for seeking review of a magistrate's order. A party has fourteen days to request review in delinquency, paternity, and support proceedings, instead of the seven days to request review in a dependency and neglect proceeding. § 19-1-108(5.5). Still, the existence of the different deadlines is not an unusual circumstance that would cause a reasonably careful person to neglect a duty.

### 4. Counsel's Medical Condition and Other Commitments

¶ 17     We do not minimize the significance of counsel's need for medical care for a high-risk pregnancy. But counsel's medical condition does not automatically constitute an excuse for neglect. *Maroc Fruit Bd. S.A. v. M/V VINSON*, 285 F.R.D. 181, 183 (D. Mass. 2012). We agree with the juvenile court's observation that, if the

constraints imposed by counsel's personal commitments impeded her ability to file a petition for review, counsel could have remedied the situation by seeking an extension of time to file the petition.

¶ 18 Thus, to constitute excusable neglect, counsel's medical condition or need for medical care must have been so physically or mentally disabling as to render counsel unable to file the requested relief or at least seek an extension of time. *See United States v. Ruth*, 753 F. Supp. 897, 898 (D. Kan. 1990); *see also Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir. 1984). Stated differently, excusable neglect arises when counsel's condition actually disables counsel from timely compliance with a statute or a rule of procedure. *Minick v. City of Petaluma*, 207 Cal. Rptr. 3d 350, 363 (Cal. Ct. App. 2016).

¶ 19 Mother's counsel made no showing that her high-risk pregnancy and corresponding need for medical care was so disabling as to prevent her from at least filing a request for an extension of time to seek review of the magistrate's order. On the contrary, counsel's participation in a day-and-a-half hearing in another case during the relevant period refutes the notion that she was physically or mentally unable to file such a request.

¶ 20    Moreover, because "the press of work or other activities of an attorney do not constitute excusable neglect," counsel's need to participate in the other case was insufficient to establish excusable neglect. *Bosworth Data Servs., Inc. v. Gloss*, 41 Colo. App. 530, 531, 587 P.2d 1201, 1203 (1978).

¶ 21    Accordingly, the juvenile court did not abuse its discretion when it determined that mother had not established that the delay in filing the petition was the result of excusable neglect.[1]  In addition, the court reasonably found that "mother has not shown excusable neglect while the child's need for finality continues, if not increases, with each delay." *See C.S.*, 83 P.3d at 635.

¶ 22    Finally, to the extent mother contends that the juvenile court should have also considered whether good cause exists to accept the late petition for review, we decline to review that contention. Mother did not assert in the juvenile court that such good cause exists, nor does she explain on appeal why the factors relevant to a good cause determination weigh in favor of considering the late filing. *See People in Interest of M.B.*, 2020 COA 13, ¶ 14 ("[L]ike

---

[1] Mother does not allege that she received ineffective assistance from her counsel in the juvenile court.

other civil actions, dependency and neglect proceedings are subject to the limitation that except where jurisdiction is implicated, generally appellate courts review only issues presented to and ruled on by the lower court."); *M.A.M.*, 167 P.3d at 174 (discussing good cause factors a district court should consider after deciding that counsel's acts or omissions were inexcusable).[2]

### III.  Remaining Contentions

¶ 23    We do not consider mother's challenges to the magistrate's decision because that decision is not properly before us.  *See People in Interest of A.P.H.*, 2020 COA 159, ¶ 19 ("[W]e lack jurisdiction to review the magistrate's order directly because the district court didn't review it.").

### IV.  Conclusion

¶ 24    The judgment is affirmed.

JUDGE TOW and JUDGE LIPINSKY concur.

---

[2] The division in *People in Interest of M.A.M.*, 167 P.3d 169, 174 (Colo. App. 2007), held a district court should consider whether good cause exists to consider a juvenile's untimely petition for review of a magistrate's judgment of delinquency.  Because the issue is not properly presented, we express no opinion on whether a court may accept, upon good cause shown, a late petition for review of a magistrate's decision to terminate parental rights.