23CA1676 Peo v Jebe 12-05-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1676
City and County of Denver District Court No. 22CR6515
Honorable Nikea T. Bland, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Quinn M. Jebe,

Defendant-Appellee.

APPEAL DISMISSED

Division VII
Opinion by JUDGE PAWAR
Tow and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 5, 2024

Beth McCann, District Attorney, Alison Suthers, Deputy District Attorney,
Denver, Colorado, for Plaintiff-Appellant

LFM Defense, Robert Werking, Greenwood Village, Colorado, for Defendant-
Appellee

¶ 1     The prosecution appeals the district court's order dismissing with prejudice all charges against Quinn M. Jebe.  We dismiss the appeal because it was filed more than forty-nine days after the final judgment, a motion for reconsideration does not extend the time to file a prosecutorial appeal, and the prosecution failed to show excusable neglect for its untimely filing.

## I.     Procedural Background

¶ 2     Jebe was taken into custody on November 23, 2022, on charges of sexual assault on a child (pattern of abuse) and distribution of a controlled substance to a minor.  He was unable to post his $50,000 bond.  At his arraignment, the court calculated his speedy trial deadline to be August 28, 2023.  Trial was set for August 1.

¶ 3     A few days before trial, the prosecution moved to dismiss the case *without* prejudice, asserting that the alleged victim was unable to testify due to a mental condition.  Defense counsel objected and asked instead to reset the trial for the speedy trial deadline, but the prosecution indicated that it would be unable to proceed even with a delay.  The district court then dismissed the case *with* prejudice on July 28, 2023.

¶ 4     That same day, the prosecution filed a motion for reconsideration.  Defense counsel filed an objection, and the prosecution replied.  The district court denied the prosecution's motion on September 5, 2023 — thirty-nine days after its original dismissal order.[1]  The prosecution appealed on September 28, 2023 — twenty-three days after the order denying its motion to reconsider.

¶ 5     Because the prosecution filed its notice of appeal more than forty-nine days after the district court entered a final, appealable dismissal order, this court issued an order to show cause why the appeal should not be dismissed with prejudice for failure to timely appeal under C.A.R. 4(b)(6)(a).  The prosecution responded that it timely filed its appeal within forty-nine days of the order denying its motion to reconsider, and, alternatively, that we may consider its untimely filing because its misplaced reliance on *People v. Tuffo*, 209 P.3d 1226, 1229 (Colo. App. 2009); *People v. Melton*, 910 P.2d 672, 675 n.4 (Colo. 1996); and *People v. Blue*, 253 P.3d 1273, 1276 (Colo. App. 2011), constitutes excusable neglect.

---

[1] At this time, the prosecution still had ten days to timely file a notice of appeal.  *See* C.A.R. 4(b)(6)(A).

2

¶ 6    We first conclude that a prosecutorial motion for reconsideration of a final judgment does not extend the time for filing an appeal.  Next, assuming that C.A.R. 4(b)(3) — as revised in July 2022 — allows the prosecution to assert excusable neglect, we conclude there was no showing of excusable neglect to justify the late filing here.

## II.    Prosecutorial Postjudgment Motions Do Not Suspend Finality

¶ 7    The prosecution argues that its motion for reconsideration suspended the finality of the district court's July 28 dismissal order.  Not so.

¶ 8    A defendant's "right to direct appeal of a criminal conviction is fundamental."  *People v. Baker*, 104 P.3d 893, 895 (Colo. 2005); *see also* § 16-12-101, C.R.S. 2024 (providing that "[e]very person convicted of an offense . . . has the right of appeal to review the proceedings resulting in conviction").  For that reason, appellate courts retain jurisdiction to review criminal convictions appealed beyond the forty-nine days prescribed in C.A.R. 4(b)(1) in some circumstances, including when the defendant files certain timely post-trial motions.  C.A.R. 4(b)(2).

¶ 9    Prosecutorial appeals, however, are not granted the same exceptions. Section 16-12-102(1), C.R.S. 2024, provides that the procedure for filing prosecutorial appeals "shall be as provided by applicable rule of the supreme court of Colorado." And C.A.R. 4(b)(6)(A) provides the time allowed for filing non-interlocutory prosecutorial appeals: "within 49 days after the entry of judgment or order appealed from" unless otherwise provided by statute or the Colorado Appellate Rules.

¶ 10   A dismissal of all charges in a criminal prosecution "clearly ends the particular action in which the order of dismissal is entered and therefore constitutes a final judgment for purposes of the appellate review of any ruling in the case." *People v. Gabriesheski,* 262 P.3d 653, 657 (Colo. 2011); *see Dike v. People*, 30 P.3d 197, 201 (Colo. 2001) ("A judgment of dismissal is a final, appealable order."). Here, the district court's July 28 order dismissing all charges was a final judgment.

¶ 11   The prosecution's motion for reconsideration did not suspend the finality of that judgment or toll the time for appeal under C.A.R. 4(b)(2), which extends the time for appeal pending resolution of a *defendant's* post-trial "motion in arrest of judgment, for judgment of

acquittal, or for a new trial." C.A.R. 4(b)(2) extends the time for appealing only *a judgment of conviction*. There was no judgment of conviction in this case.

¶ 12     We are unaware of, and the prosecution does not point to, any other appellate rule or statute that either suspends the finality of a criminal judgment or tolls the time to appeal a criminal judgment pending resolution of a postjudgment motion for reconsideration. *See People v. Retallack*, 804 P.2d 279, 279-80 (Colo. App. 1990) ("[A] motion filed after entry of [a postconviction] order challenged on appeal does not extend the time for the prosecution to file its notice pursuant to C.A.R. 4(b)[]."); *see also People v. Thomas*, 195 P.3d 1162, 1164 (Colo. App. 2008) (the defendant's motion to reconsider a postconviction order denying a new trial did not extend the time to file an appeal); *cf. People v. Ong*, 2021 COA 113, ¶ 13 (concluding that the finality of a district court's order dismissing all charges was unaffected by a twenty-one-day stay issued by the court pursuant to § 16-8.5-116(10), C.R.S. 2020).

¶ 13     We are not persuaded that case law grants us jurisdiction over the prosecution's untimely appeal. The cases relied on by the prosecution are inapposite as they arise from wholly different

procedural postures: *Tuffo* involves a criminal defendant's appeal under unusual procedural circumstances, *see Tuffo*, 209 P.3d at 1228-29;[2] and *Melton* and *Blue* address interlocutory appeals that are subject to different rules and timelines, *see Melton*, 910 P.2d at 675 n.4; *Blue*, 253 P.3d at 1276; *see also* § 16-12-102(2); C.A.R. 4.1; C.A.R. 4(b)(6)(B).

¶ 14　　Given the absence of authority supporting the prosecution's position, we cannot conclude that its motion for reconsideration of district court's dismissal order suspended finality.  The prosecution's appeal is untimely.

### III.　The Prosecution Has Not Shown Excusable Neglect

¶ 15　　C.A.R. 4 allows an extension of time to file a notice of appeal based on a showing of excusable neglect.  C.A.R. 4(b)(3).  We reject the prosecution's argument that its neglect is excusable because it relied on certain language in *Tuffo*, *Melton*, and *Blue* in its late filing.

---

[2] The language the prosecution quotes from *Tuffo* is also derived from a case addressing interlocutory appeals.  *See People v. Powers*, 47 P.3d 686, 689 (Colo. 2002).

¶ 16    At the outset, we note that prior to 2022, the excusable neglect

provision of C.A.R. 4 did not apply to prosecutorial appeals.  *See*

C.A.R. 4(b)(1), 2021 (providing that the time for filing appeals *by a*

*criminal defendant* may be extended upon a showing of excusable

neglect); *see also People v. Gilmore*, 97 P.3d 123, 128 (Colo. App.

2003) (holding that the excusable neglect provision in a prior

version of C.A.R. 4(b)(1) does not apply to appeals filed by the state

or the prosecution); *Ong*, ¶ 27 (same).  But the supreme court

changed C.A.R. 4(b) in 2022, and C.A.R. 4(b)(3) now provides:

> Upon a showing of excusable neglect the
> appellate court may, before or after the time
> has expired, with or without motion and
> notice, extend the time for filing a notice of
> appeal for a period not to exceed 35 days from
> the expiration of the time otherwise prescribed
> by this section (b).

¶ 17    As a result, the plain language of C.A.R. 4(b) no longer

expressly limits extensions of time based on excusable neglect to

appeals by criminal defendants.  Given that the new language in

C.A.R. 4(b)(3) strongly suggests that we now have discretion to

extend the time for filing a prosecutorial appeal based on excusable

neglect, we will assume without deciding that we have such

discretion.  However, we decline to exercise it here because we

7

perceive no showing of excusable neglect.  *See Weason v. Colo. Ct. of Appeals*, 731 P.2d 736, 738 (Colo. 1987) (holding that we have broad discretion to determine whether excusable neglect has been shown).

¶ 18    Excusable neglect occurs when there is failure to act at the proper time due to "circumstances which would cause a reasonably careful person to neglect a duty" or "some unavoidable hindrance or accident."  *Farmers Ins. Grp. v. Dist. Ct.*, 507 P.2d 865, 867 (Colo. 1973); *see Estep v. People*, 753 P.2d 1241, 1247 (Colo. 1988) (adopting the excusable neglect standard from *Farmers Insurance Group* in the context of criminal appeals).  The critical question before us is the prosecution's reason for its late filing.  *Riggs Oil & Gas Corp. v. Jonah Energy LLC*, 2024 COA 57, ¶ 28.

¶ 19    The prosecution asserts only that it misrelied on cases that addressed timeliness in the context of inapplicable categories of appeals.  This legal error resulted from neither unusual circumstances nor an unavoidable hindrance — a misinterpretation of the law is avoidable.  *See Farm Deals, LLLP v. State*, 2012 COA 6, ¶¶ 20-21.  C.A.R. 4(b)(6)(A) is clear as to when a non-interlocutory prosecutorial appeal must be filed.  And the prosecution is obligated

to determine when there is a final, appealable order "in a diligent and informed manner." *Chavez v. Chavez*, 2020 COA 70, ¶ 36; *see also People in Interest of L.B-H-P.*, 2021 COA 5, ¶ 15 ("[A]bsent unusual circumstances, an attorney's negligence in failing to meet a deadline does not constitute excusable neglect."). Moreover, because the district court ruled on the prosecution's motion to reconsider ten days before an appeal was due, nothing prevented the prosecution from timely filing its appeal.

## IV. Disposition

¶ 20 The appeal is dismissed.

JUDGE TOW and JUDGE SCHUTZ concur.